SHAHOOD, J.
F.T. pled no contest to the charge of battery. On July 6, 1998, she was adjudicated delinquent and placed on community control under the supervision of the Department of Juvenile Justice. Thereafter, a petition for violation of community control was filed. F.T. admitted the violation and, on February 25, 1999, was adjudicated delinquent and placed on community control under the supervision of the Department of Juvenile Justice. The court *1183 simultaneously committed F.T. to a level four placement, but suspended that sentence.
A second petition for violation of community control was filed against F.T. on August 10, 1999, and amended on September 23, 1999. A hearing on the petition was held on October 7, 1999. F.T. moved to dismiss the petition arguing that the court’s jurisdiction had expired in July 1999, one year after she was placed on community control. The trial court agreed that F.T.’s offense, battery, a first-degree misdemeanor, carried a maximum penalty of one year in jail; therefore, F.T.’s community control term could not exceed one year. Nevertheless, the court denied the motion to dismiss. The court rejected the argument of F.T.’s attorney that a suspended commitment placing, or community-control-like sanction, was the same as community control.
Thereafter, F.T. admitted the violation, but reserved jurisdiction to appeal the denial of her motion to dismiss. The trial court accepted the plea, and committed F.T. to a level four residential program in the Department of Juvenile Justice to be followed by post-commitment community control. The court did not orally state the term of F.T.’s commitment; however, the written disposition order states, “[t]he placement is for an indeterminate period, but no longer than the maximum sentence allowable by law or the child’s 19th birthday.”
F.T. raises two issues on appeal. First, she claims that, in October 1999, the trial court lacked jurisdiction to consider the affidavit of violation of community control because her one-year, community control term had expired in July 1999. Second, she argues that, assuming the trial court had jurisdiction, the trial court erred in sentencing her for an indeterminate period without ordering that the term could not exceed the one year maximum for battery.
We agree that the trial court lacked jurisdiction to consider the affidavit of violation. Section 985.231, Florida Statutes (1999), limits the term of community control which may be imposed on a child who has been adjudicated delinquent to the “maximum term of imprisonment that an adult may serve for the same offense.” See § 985.231(1)(a)1.a., Fla. Stat. (1999); § 985.231(1)(d), Fla. Stat. (1999); see generally S.R.A. v. State, 766 So.2d 277 (Fla. 4th DCA 2000), rev. granted, No. SC00-559, 767 So.2d 460 (Fla. Jul.13, 2000); compare M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997)(construed similar provisions of Chapter 39, Florida Statutes (1993), and held that because trial court withheld adjudication, juvenile’s community control term could exceed the maximum term for the offense and continue for an indeterminate period).
In this case, F.T. was adjudicated delinquent and placed under the supervision of the Department of Juvenile Justice (“the Department”) on July 2,1998. That disposition was not altered by the February 25, 1999 order, which committed F.T. to a level four placement, but suspended that sentence and reinstated F.T.’s community control. As such, the Department’s supervision of F.T. ended one year later, on July 2, 1999. It was not until October 1999 that the affidavit of violation of community control was filed. At that time, the trial court no longer had jurisdiction over F.T., and, therefore, erred in considering the affidavit.
Consequently, we reverse the order committing F.T. to a level four placement program, and remand with directions that the order be vacated and F.T. be discharged. In that the trial court lacked jurisdiction, appellant’s second issue raised on appeal is rendered moot.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ„ concur.